KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Cabrera De La Rosa, | No. CV 15-0715-PHX-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On April 20, 2015, Plaintiff Rodney Cabrera De La Rosa, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 15, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 8, 2015, Plaintiff filed his First Amended Complaint. In a July 7, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On July 24, 2015, Plaintiff filed a Second Amended Complaint (Doc. 12). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff names the following Defendants: Maricopa County Sheriff Joseph M. Arpaio and Maricopa County Jail Detention Officers A5115, A6501, A4860, A8013, A2759, and B1492.

In Count One, Plaintiff claims that while he was confined in the Maricopa County Jail, he was only provided two meals per day. Plaintiff claims Defendant Arpaio approved this practice and that Defendants A5115, A4860, A8013, and A2759 denied his grievances related to the issue and told him that he received 2000-2600 calories per day, which had been approved as nutritionally sufficient. Plaintiff claims the diet was not balanced and compromised his health.

In Count Two, Plaintiff claims temperatures in the jail were "extremely cold." Specifically, Plaintiff claims that 73.6 degrees is an average room temperature, but that temperatures in the jail were typically between 69 and 70 degrees. Plaintiff claims this threatened his safety by triggering his PTSD.

In Count Three, Plaintiff claims Defendant B1492 questioned him about a grievance and during the questioning was manipulative and lied to Plaintiff. Plaintiff further states, "my confidence on disciplinary proceedings handled by B1492 has been compromised."

Plaintiff seeks injunctive relief and money damages.

## III. Failure to State a Claim

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). As with the original Complaint and First Amendment Complaint, Plaintiff has failed to allege any constitutional or federal-law violations in the Second Amended Complaint.

Further, a pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth

Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Even if the Court construes Plaintiff's claims as raised pursuant to the Fourteenth Amendment, Plaintiff has not alleged sufficient facts to state a Fourteenth Amendment claim in any of his grounds for relief. In Count One, Plaintiff alleges that each of the Defendants he complained to regarding food told him that the meals contained sufficient calories and nutrients. Plaintiff does not allege that any of the Defendants were aware of a serious risk of harm to his health as a result of receiving only two meals per day. Accordingly, Plaintiff has failed to state a claim in Count One.

In Count Two, Plaintiff alleges that his housing unit was typically 69 to 70 degrees and that the "extreme cold" triggered his PTSD. The Court finds Plaintiff's claim implausible. *Iqbal*, 556 U.S. at 679. Further, Plaintiff's allegations simply do rise to the level of a constitutional violation. "It cannot be said that all . . . conditions . . . even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . [A]

federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless conditions cannot be tolerated under the Constitution." *Thomas v. Smith*, 559 F.Supp. 223, 224 (W.D.N.Y. 1983) (citing *Griffin v. Smith*, 493 F.Supp. 129 (W.D.N.Y. 1980)).

In Count Three, Plaintiff claims Defendant B1492 was manipulative and lied. Plaintiff does not explain how this violates his constitutional rights.

Plaintiff has failed to state a claim in Counts One, Two, or Three of the Second Amended Complaint.

## IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   Plaintiff's Second Amended Complaint (Doc. 12) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 18th day of September, 2015.

_____
David G. Campbell
United States District Judge